MARY'S OPINION HEADING 







                                                                                    NO. 12-03-00095-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
RILEY LEE OWENS,                                        §     APPEAL FROM THE 145TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     NACOGDOCHES COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            A jury convicted Appellant of assault against a public servant and assessed his punishment
at imprisonment for nine years. In the first of three issues presented, Appellant contends that the trial
court erred in refusing to submit his requested instruction regarding extraneous offenses. In two
other issues, Appellant challenges the legal and factual sufficiency of the evidence. We affirm.
 
Background
            Appellant lost control of his automobile; the vehicle left the roadway, ran through a yard and
into a residence. When Officer Ball of the Nacogdoches Police Department arrived, Appellant was
walking around his car apparently uninjured. In making a routine check, Ball discovered that
Appellant’s driver’s license had been suspended. Ball cited Appellant for driving with license
suspended and for failure to control speed.
            Appellant’s demeanor was normal until he read the ticket for failure to control speed. When
Appellant read the speeding ticket, he became enraged, clenching his fists and cursing Ball. 
Although Ball had no intention of taking Appellant to jail, Appellant tried to get in the back seat of
the police car, saying, “Well, let’s go to jail.” Ball prevented Appellant from getting in the police
car while he tried to reassure Appellant that he did not need to go to jail. In the struggle to keep
Appellant out of the police car, Appellant struck Ball several times and wrestled him to the ground. 
Ball finally managed to subdue Appellant with the help of two bystanders. Ball suffered minor cuts
and bruises in the incident.
 
Requested Jury Charge on Extraneous Offenses
            In his first issue, Appellant complains that the trial court erred in denying his instruction at
the punishment stage regarding the State’s burden to prove beyond a reasonable doubt a defendant’s
culpability for extraneous offenses. Appellant asked the trial court to instruct the jury, as follows:
 
In all criminal cases the burden of proof is on the State. All persons are presumed to be innocent and
evidence of an extraneous offense . . . may not be considered unless each element of the offense is
proved beyond a reasonable doubt. The fact that a person has been arrested, confined, or indicted for,
or otherwise charged with the offense, gives no rise, no inference of guilt. The law does not require
a defendant to prove his innocence or produce any evidence at all. The presumption of innocence
alone is sufficient to require exclusion of evidence of an extraneous offense alleged to be committed
by the defendant unless the jurors are satisfied beyond a reasonable doubt of the defendant’s guilt after
careful and impartial consideration of all the evidence in the case. The prosecution has the burden on
proving the defendant guilty of the extraneous offense, and it must do so by proving each and every
element of the offense beyond a reasonable doubt, and if it fails to do so, you must exclude the
evidence of an extraneous offense against the defendant. It is not required that the prosecution prove
guilt beyond all reasonable doubt. It is required the prosecution’s proof excludes all reasonable doubt
concerning the defendant’s guilt of the extraneous offense. Therefore, if you find and believe beyond
a reasonable doubt that the defendant committed an extraneous crime, then you may consider such
evidence in assessing the defendant’s punishment. However, if you have a reasonable doubt the
defendant committed an extraneous crime, then you may not consider such evidence in assessing
punishment.


The trial judge denied Appellant’s request.
            The trial court submitted the following instruction to the jury regarding the State’s burden
of proof for extraneous offenses:
 
You may consider evidence of an extraneous crime in assessing punishment even if the defendant has
not yet been charged with or finally convicted of the crime. However, you may consider such
evidence only if the extraneous crime has been shown by the State beyond a reasonable doubt to have
been committed by the defendant.
 
The prosecution does not have to prove an extraneous crime beyond all possible doubt. The
prosecution’s proof must exclude all reasonable doubt concerning the extraneous crime.
 
Therefore, if you find and believe beyond a reasonable doubt that the defendant committed an
extraneous crime, then you may consider such evidence in assessing the defendant’s punishment. 
However, if you have a reasonable doubt that the defendant committed an extraneous crime, then you
may not consider such evidence in assessing punishment.


            At the punishment stage of trial, the State may introduce evidence of extraneous crimes or
bad acts “that [are] shown beyond a reasonable doubt by evidence to have been committed by the
defendant or for which he could be held criminally responsible. . . .” Tex. Code Crim. Proc. Ann.
art. 37.07, § 3(a) (Vernon Supp. 2003). A defendant is entitled to have the jury instructed on the
State’s burden to prove beyond a reasonable doubt that the extraneous offenses or bad acts are
attributable to the defendant. Huizar v. State, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000); Fields
v. State, 1 S.W.3d 687, 688 (Tex. Crim. App. 1999). The jury, however, need not be instructed on
the elements of extraneous offenses. Malpica v. State, 108 S.W.3d 374, 378 (Tex. App.–Tyler 2003,
no pet.); Arnold v. State, 7 S.W.3d 832, 834 (Tex. App.–Eastland 1999, pet. ref’d).
            We have reviewed the instruction regarding the State’s burden of proof applicable to
extraneous offenses, and we conclude that it accurately sets out the State’s burden. Appellant’s first
issue is overruled.
 
Legal and Factual Sufficiency of the Evidence
            In his second and third issues, Appellant challenges the legal and factual sufficiency of the
evidence.
Standard of Review
            In reviewing a legal sufficiency challenge, the appellate court examines the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 407 U.S. 307,
315-16, 99 S. Ct. 2781, 2787, 61 L. Ed. 2d 560 (1979); Whitaker v. State, 977 S.W.2d 595, 598
(Tex. Crim. App. 1998). In conducting a factual sufficiency review, the appellate court must sustain
the verdict unless a neutral review of all the evidence, both for and against the challenged finding,
demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the
factfinder’s determination, or the proof of guilt, although adequate if considered alone, is greatly
outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).
 
            In this case, the State was required to prove Appellant intentionally, knowingly, or recklessly
caused bodily injury to Ball knowing that Ball was a public servant discharging an official duty. 
Tex. Pen. Code Ann. § 22.01(a)(1),(b)(1) (Vernon 2003).
            Appellant complains that although the State presented a parade of witnesses to his actions,
the State offered no proof that he committed those acts “intentionally, knowingly, or recklessly.”
            Ordinarily, proof of a culpable mental state depends upon circumstantial evidence. Ledesma
v. State, 677 S.W.2d 529, 531 (Tex. Crim. App. 1984); Lee v. State, 21 S.W.3d 532, 539 (Tex.
App.–Tyler 2000, no pet.). It is undisputed that Appellant cursed Ball and repeatedly hit him about
the face and head after Ball had given him a traffic ticket following the accident. It is also
undisputed that Ball suffered minor cuts and bruises in the struggle to subdue Appellant. Ball
testified that the blows were painful. Appellant’s acts considered in their context easily support the
inference that Appellant “intentionally, knowingly, or recklessly” assaulted Ball causing bodily
injury knowing that Ball was a public servant discharging an official duty. Measured against the
appropriate standard of review, the evidence is both legally and factually sufficient to prove the
requisite culpable mental state and support the conviction. Appellant’s second and third issues are
overruled.

Disposition
            The judgment of the trial court is affirmed.

                                                                                                    BILL BASS 
                                                                                                            Justice
 
 
Opinion delivered June 23, 2004.
Panel consisted of Griffith, J., DeVasto, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.






(DO NOT PUBLISH)













COURT OF APPEALS
TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
JUDGMENT
 
JUNE 23, 2004
 
NO. 12-03-00095-CR
 
RILEY LEE OWENS,
Appellant
V.
THE STATE OF TEXAS,
Appellee

 
 Appeal from the 145th Judicial District Court
 of Nacogdoches County, Texas. (Tr.Ct.No. F10057-2001)
 
                                                                                                                                                           
 
 
                                    THIS CAUSE came to be heard on the appellate record and briefs filed herein,
and the same being inspected, it is the opinion of this court that there was no error in the judgment.
                                    It is therefore ORDERED, ADJUDGED and DECREED that the judgment
of the court below be in all things affirmed, and that this decision be certified to the court below
for observance.
                                    Bill Bass, Justice.
                                    Panel consisted of Griffith, J., DeVasto, J., and Bass, Retired Justice,
                                                Twelfth Court of Appeals, Tyler, sitting by assignment

THE STATE OF TEXAS
M A N D A T E
TO THE 145TH JUDICIAL DISTRICT COURT OF NACOGDOCHES COUNTY,
GREETINGS:
 
            Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 23rd
day of June, 2004, the cause upon appeal to revise or reverse your judgment between
 
RILEY LEE OWENS, Appellant
 
NO. 12-03-00095-CR and Tr. Ct. Case Number F10057-2001
 
Opinion by Justice Bill Bass.
 
THE STATE OF TEXAS, Appellee

was determined; and therein our said Court made its order in these words:
            THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same
being inspected, it is the opinion of this court that there was no error in the judgment.

            It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below
be in all things affirmed, and that this decision be certified to the court below for observance.

            WHEREAS, YOU ARE HEREBY COMMANDED to observe the foregoing order of said
Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things
have it duly recognized, obeyed, and executed.

            WITNESS, THE HONORABLE JAMES T. WORTHEN, Chief Justice of said Court of
Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler,
this the ______ day of __________________, 200_.
 



                                    CATHY S. LUSK, CLERK
 
 
                                    By:_______________________________
                                         Deputy Clerk