Affirmed and Memorandum Opinion filed March 8, 2007








Affirmed and Memorandum Opinion filed March 8, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00227-CR

____________

 

CHARLES RAY WALTON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th
District Court

Harris County, Texas

Trial Court Cause No. 1031750

 



 

M E M O R A N D U M    O P I N I O N








Appellant, Charles Ray Walton, was charged by indictment
with aggravated sexual assault of a child.  A jury found appellant guilty of
sexual assault, as charged in the indictment, and assessed his punishment at
confinement in the state penitentiary for forty years.  In two points of error,
appellant contends he suffered egregious harm when the trial court failed to,
sua sponte, include 1) a jury instruction on the lesser-included offense of
indecency with a child by contact, and 2) a reasonable doubt jury instruction
regarding an extraneous offense offered in the punishment hearing under Article
37.07(3)(a)(1) of the Texas Code of Criminal Procedure.[1] 
We affirm.

The complainant, J.M.E., told her kindergarten teacher that
when she was four years old, appellant molested her.  The teacher sent J.M.E.
to the school nurse, who examined her and then contacted Child Protective
Services (ACPS@).  CPS removed J.M.E. from the home and
placed her with her grandfather, pending the outcome of an investigation.  The
investigation included interviews of family members and the victim by the
police and a forensic interviewer with the Children=s Assessment
Center, as well as a review of J.M.E.=s medical
records.  Based on the result of the investigation, aggravated sexual assault
charges were brought against appellant, whom J.M.E. considered her Astepdaddy.@

In his first point of error, appellant contends he suffered
egregious harm because the trial court failed to include, sua sponte, in the
jury charge an instruction on the lesser-included offense of indecency with a
child.  The trial court has the duty and responsibility to instruct the jury on
the Alaw applicable to
the case.@  Tex. Code
Crim. Proc. Ann. art. 36.14 (Vernon 2006).  Thus, in discharging this
duty, the trial court is authorized to sua sponte include a charge on a
lesser-included offense if the charge meets the two-part test set forth in Rousseau
v. State.[2] 
Ford v. State, 38 S.W.3d 836, 840, 841-42 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d).  Generally, however, it is the
defendant who affirmatively requests or objects to a charge regarding a
lesser-included offense as a matter of trial strategy.








Here, appellant
affirmatively agreed three separate times to an Aall or nothing@ jury charge, on
the sole instruction of aggravated sexual assault of a child.[3] 
In the middle of the State=s case, the trial court questioned the
attorneys on the jury charge.

The Court:    One other thing
before B as I hear the testimony, and I
know its early, it appears it=s an all or nothing thing?

[State]:         Yep.

[Defense]:    Yes.

The Court:    So, sit her down here
tomorrow, tell her it=s an all or nothing thing.  I don=t see any lessers coming in.








[Defense]:    The only difference
is what the child is allegedly telling the teachers at first.  And then what
she tells the interviewer, that=s a little different.  I believe the child says it happened when she
came home from work or B and that it happened many times. 
But then when she actually does do the interview, it=s a one-time, one-date event.

The Court:    But regardless B 

[Defense]:    And that=s what=s alleged.

[State]:         It=s the same act.

The Court:    Yeah.  It=s going to be B maybe it expanded further, but all
we=re interested in based on this
piece of paper is on or about January 12th of 2005.  And that=s going to be the only thing they=re authorized to act on and based
on that time frame.

[Defense]:    Uh-huh, that could
fit in.  It could fit in, yes.

The Court:    Well, no.  But I=m saying based on that time frame,
based on what I have heard; and I know it=s early, but there=s not going to be any other lesser included offense.  There=s not going to be any other B or anything else to charge them
on.  They=re going to be charged on either
you find it beyond a reasonable doubt or the person is not guilty.

[Defense]:    Yes, sir.

 

After both sides
had rested and closed, the trial court specifically questioned appellant=s attorney about
the final jury charge.

The Court:    Mr. Brown [Defense],
before you run off, I have not heard anything that changes my position.  This
is just a straight all or nothing.  No special instructions?

[Defense]:    Correct, Your Honor.

 

The trial court
then gave copies of the charge to both sides and requested any changes be made
prior to nine a.m. the following day.  The next day, before closing arguments,
the trial court again asked about the jury charge.

The Court:    So the record is
clear, both sides have looked at the Court=s proposed charge.  Any objection?

[State]:         None from the
State.

[Defense]:    None from the
defense.








Judicial scrutiny of counsel=s performance must
be highly deferential; trial strategy must be considered a valid rationale for
a particular action, and counsel=s decisions will
not be second-guessed.  Lynn v. State, 860 S.W.2d 599, 603 (Tex. App.CCorpus Christi
1993, pet. ref=d).  It is not uncommon for counsel to employ an Aall or nothing@ tactic.  Wood
v. State, 4 S.W.3d 85, 88 (Tex. App.CFort Worth 1999,
pet. ref=d).  Such a
decision, although risky, is sometimes successful.  Lynn, 860 S.W.2d at
603.  It is clear from the record, appellant chose an Aall or nothing@ strategy for his
defense.  The trial court gave appellant numerous opportunities to decide
differently.  Appellant chose to limit the jury=s decision to
finding him guilty of intentionally or knowingly causing the sexual organ of a
child to touch his sexual organ, or to acquit him.  Under the charge given to
the jury, fondling or inappropriate touching with his hands alone would not be
enough to convict.  It would be inappropriate for the trial court to decide
trial strategy for the defense.  Thus, appellant=s first point of
error is overruled.








In his second point of error, appellant argues he suffered
egregious harm when the trial court failed, sua sponte, to include a reasonable
doubt instruction regarding an extraneous offense for assault admitted as
evidence during the punishment phase.  Article 37.07 section 3(a) of the Texas
Code of Criminal Procedure governs the admissibility of evidence at punishment
in all non-capital cases.[4] 
Huizar v. State, 12 S.W.3d 479, 483B84 (Tex. Crim.
App. 2000).  Section 3(a)=s requirement that the jury be satisfied
of the defendant=s culpability of the extraneous offense is
Alaw applicable to
the case@ in the
non-capital punishment context.  Id. at 484.  Thus, if evidence of an
extraneous offense is before the jury, section 3(a) requires that the jurors be
instructed not to consider the extraneous offense in assessing the defendant=s punishment
unless they find the defendant culpable for such offense under the statutorily
prescribed reasonable-doubt standard.  Id.  Because no such
instruction was given in this case, we find the trial court=s punishment phase
jury charge was erroneous.  This type of error is derived from statutory
violations of articles 36.14 and 37.07, and is Acharge error@ under article
36.19.  Id.  Accordingly, we use the harm analysis set out in Almanza
v. State to determine if the omission constitutes reversible error.[5] 
Id. at 484B85.  Because appellant did not object at
trial to this error in the court=s charge, under
the Almanza harm analysis, we examine the entire record to determine
whether the error was so egregious and created such harm that appellant did not
receive a fair and impartial trial.  Almanza, 686 S.W.2d at 171.

Egregious harm is a difficult standard and must be proved
on a case-by-case basis.  Ellison v. State, 86 S.W.3d 226, 227 (Tex.
Crim. App. 2002).  The actual degree of harm must be determined in light of the
entire jury charge, the state of the evidence, including the contested issues
and weight of probative evidence, the argument of counsel, and any other
relevant information revealed by the record of the trial as a whole.  Almanza,
686 S.W.2d at 171.  Egregious harm is present whenever a reviewing court finds
that the case for conviction or punishment was actually made clearly and
significantly more persuasive by the error.  Saunders v. State, 817
S.W.2d 688, 692 (Tex. Crim. App. 1991).  Fundamental error must go to the very
basis of the case, deprive the defendant of a valuable right, or vitally affect
a defensive theory.  Almanza, 686 S.W.2d at 172.  Appellant specifically
objects to the use of testimony concerning an extraneous offense of assault
offered without extrinsic evidence, such as medical records, to Aprove@ the offense.








During the punishment phase of trial, the State called
J.M.E.=s mother, Davette
Wilson.[6] 
Wilson testified about an incident where appellant had struck her in the face with
his open hand, crushing her cheek.  Wilson needed reconstructive surgery to
place a metal plate in her cheek.  Wilson testified she never pressed charges,
and she forgave appellant.  Wilson asked the jury to be lenient on appellant. 
The State also mentioned this extraneous offense without objection, during
closing arguments.  Appellant argues that without a jury instruction to
consider this testimony only if believed beyond a reasonable doubt, the jury
incorrectly assessed a longer sentence based on this offense[7].

Defense counsel cross-examined Wilson, giving him ample
opportunity to dispute Wilson=s version of the events.  However, defense
counsel never called Wilson=s story into question.  Instead, defense
counsel asked Wilson to Aexplain exactly what happened when you got
hit in the face.@  Wilson then elaborated on her previous
testimony, without any questions as to the veracity of her testimony.  In fact,
defense counsel used the opportunity to put forth evidence to show the problems
between J.M.E.=s biological father, appellant, and Wilson.  Appellant
now argues the State brought forth no other witnesses to the assault to prove
Wilson=s story beyond a
reasonable doubt.  Later, when appellant testified, not only did he not dispute
Wilson=s story, he never
mentioned the incident.  Because Wilson=s testimony was
uncontested, there was nothing for the jury to decide.  








Appellant does not argue that the evidence is insufficient
to prove beyond a reasonable doubt that he committed the extraneous offense,
but only that the instruction was not given.  See Arnold v. State,
7 S.W.3d 832, 835 (Tex. App.CEastland 1999, pet. ref=d) (holding that
appellant was not egregiously harmed by court=s failure to
instruct because, among other factors, appellant did not contend the evidence
was insufficient to prove beyond a reasonable doubt that he had committed the
extraneous offenses, but only that the instruction was not given).  The jury
charge in the guilt/innocence phase of trial, delivered on the same day as the
punishment charge, instructed the jury on the State=s burden and the
reasonable doubt standard.  Although neither charge specifically addressed
extraneous offenses, the punishment phase jury charge stated: AThe burden of
proof in all criminal cases rests upon the State throughout the trial and never
shifts to the defendant.@  There is no reason to believe the jury
did not remember the reasonable doubt and burden of proof definitions and apply
them to the uncontested extraneous charge as well.[8]









Moreover, appellant stipulated to seven prior convictionsCfour misdemeanors
and three felonies.[9] 
Appellant does not point to any evidence that the court=s failure to
include a reasonable doubt instruction in the punishment charge as to the
extraneous offense of assault affected the jury=s deliberations
regarding the punishment assessed.  Almanza requires a showing of
actual, not just theoretical, harm.  Almanza, 686 S.W.2d at 174.  The
punishment range presented to the jury was not less than five years to no more than
ninety-nine years or life in prison, and up to a $10,000 fine.  The jury=s assessment of 40
years= confinement, with
no fine, is well within the mid-range of punishment for aggravated sexual
assault of a child and, therefore, does not demonstrate egregious harm to
appellant.   See Allen v. State, 47 S.W.3d 47, 53 (Tex. App.CFort Worth 2001,
pet. ref=d ). (finding jury=s sentence was
within the range of punishment for attempted murder and, therefore, did not
demonstrate Aegregious harm@ to appellant). 
Given the totality of the evidence and the record as a whole, we find the case
for the punishment assessed was not made clearly and significantly more
persuasive by the error.  Accordingly, we overrule appellant=s second point of
error.

Having overruled appellant=s two points of
error, we affirm the judgment of the trial court.

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed March 8, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Tex. Code
Crim. Proc. Ann. art. 37.07(3)(a)(1) (Vernon 2006).





[2]  855 S.W.2d 666 (Tex. Crim. App. 1993).





[3]   Section 22.021 of the Texas Penal Code provides
with respect to the offense of Aggravated Sexual Assault:

(a) A
person commits an offense:

(1) if the person:

. . . . 

(B) intentionally or knowingly:

(i) causes the penetration of the anus or sexual organ of a child by
any means;

(ii) causes the penetration of the mouth of a child by the sexual organ
of the actor;

(iii) causes the sexual organ of a child to contact or penetrate the
mouth, anus, or sexual organ of another person, including the actor;

(iv) causes the anus of a child to contact the mouth, anus, or sexual
organ of another person, including the actor;  or

(v) causes the mouth of a child to contact the anus or sexual organ of
another person, including the actor;  and

(2) if:

. . . . 

(B) the victim is younger than 14 years of age;   

. . . . 

Tex. Penal Code Ann. ' 22.021(a)
(Vernon Supp. 2006).





[4]  Section 3 of Article 37.07(3)(a)(1) of the Texas
Code of Criminal Procedure provides with respect to the admission of evidence
of prior criminal record in all criminal cases after a finding of guilty:

(a)(1) Regardless of the plea and whether the punishment be assessed by
the judge or the jury, evidence may be offered by the state and the defendant
as to any matter the court deems relevant to sentencing, including but not
limited to the prior criminal record of the defendant, his general reputation,
his character, an opinion regarding his character, the circumstances of the
offense for which he is being tried, and, notwithstanding Rules 404 and  405,
Texas Rules of Evidence, any other evidence of an extraneous crime or bad act
that is shown beyond a reasonable doubt by evidence to have been committed by
the defendant or for which he could be held criminally responsible, regardless
of whether he  has previously been charged with or finally convicted of the
crime or act. 

Tex. Code Crim. Proc. Ann. art. 37.07(3)(a)(1).





[5]  686 S.W.2d 157 (Tex. Crim. App. 1984).





[6]  Wilson testified in the guilt-innocence phase for
appellant, insisting her daughter was lying.





[7]  Appellant argues in his brief, that 40 years= confinement was Avery
heavy, considering that the 42 year-old appellant=s most serious punishment for any of his prior offenses had been 180
days in state jail.@  (Appellant served twice in state jail and once in
Harris County jail.)  Appellant also contends a one-time molestation charge Awould seem to call for less severe punishment than if
appellant had habitually molested@
J.M.E.





[8]  In Gholson v. State, this court reasoned
appellant did not show egregious harm because the State proved the extraneous
offenses with uncontroverted evidence, and appellant did not contend on appeal
that if a proper instruction had been given, the evidence was insufficient to
prove beyond a reasonable doubt he had committed the extraneous offense.  5
S.W.3d 266, 271 (Tex. App.CHouston [14th
Dist.] 1999, pet. ref=d). The court determined the fact appellant did not
submit evidence that if he had requested the reasonable doubt instruction the
jury would have disregarded the extraneous offense evidence also goes to lack
of egregious harm.  Id.  The court also considered the fact that the
jury had a proper instruction on reasonable doubt regarding unadjudicated acts
at the guilt stage and the punishment charge was given to the jury on the same
day as the guilt charge to be a factor showing lack of egregious harm.  Id.





[9]  The misdemeanor convictions included assault on a
family member, criminal mischief, fictitious inspection certificate, and
driving with license suspended.  The three felony offenses included one offense
for forgery and two separate offenses for possession of cocaine.