

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO.  2-07-033-CR

MARTIN LOPEZ                                                                 APPELLANT

V.

THE STATE OF TEXAS                                                                STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In one point, Appellant Martin Lopez argues that he suffered egregious harm when the trial court failed to charge the jury that it could consider unadjudicated extraneous conduct when assessing punishment only if the State proved the conduct beyond a reasonable doubt.  We affirm.

------

[1] *See* TEX. R. APP. P. 47.4.

**Background**

Because Appellant does not contest the sufficiency of the evidence, we will curtail our summary of the evidence to that necessary to analyze his point.

The grand jury indicted Appellant for possession with intent to deliver four to two hundred grams of cocaine. At trial, Fort Worth Police Officer Jose Palomares testified that he stopped Appellant's vehicle for a traffic violation. Appellant failed to produce a driver's license or proof of insurance and made bodily motions that made Officer Palomares fear he was reaching for a gun. Officer Palomares asked Appellant to step out of his car so that he could perform a *Terry* frisk. Meanwhile, Officer Joel Parsons arrived on the scene. Officer Parsons testified that he observed several clear baggies, some containing a white powder and one containing a green, leafy substance, in plain view in Appellant's car. He testified that the green, leafy substance appeared to be marihuana. Officer Palomares arrested Appellant, and a search of his person incident to arrest revealed more baggies of white powder. Officer Parsons testified that the quantify of the white substance found on Appellant as not "an amount for personal use" and was packaged for street-level distribution.

The trial court admitted the baggies containing the green and white substances into evidence. Dr. Yin Zhang, a forensic chemist with the Fort

2

Worth crime lab, testified that the white substance was cocaine with an aggregate weight of 4.06 grams. Dr. Zhang did not test the green, leafy substance and offered no opinion as to what it was.

The jury convicted Appellant as charged in the indictment. At the punishment phase of trial, the State offered no evidence, but Appellant testified in his own behalf. On cross-examination, Appellant testified that he was a cocaine addict and that he last used cocaine six months before trial, apparently in violation of his bond conditions.

The trial court did not instruct the jury that it could consider the unadjudicated extraneous offenses—possession of marihuana and use of cocaine in violation of a bond condition—unless they found that the State had proved the offenses beyond a reasonable doubt, and Appellant did not request such an instruction or object to its omission. The jury assessed punishment at six years' imprisonment, and the trial court sentenced him accordingly. This appeal followed.

### Standard of Review

Appellate review of error in a jury charge involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). Initially, we must determine whether error occurred. If so, we must then evaluate whether sufficient harm resulted from the error to require reversal. *Id.* at 731–32.

3

If there is error in the court's charge but the appellant did not object to it at trial, we must decide whether the error was so egregious and created such harm that appellant did not have a fair and impartial trial—in short, that "egregious harm" has occurred. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *see* TEX. CODE CRIM. PROC. ANN. art. 36.19 (Vernon 2007); *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996). In making this determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171; *see generally Hutch*, 922 S.W.2d at 172–74. The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused. *Almanza*, 686 S.W.2d at 174. Egregious harm is a difficult standard to prove and must be determined on a case-by-case basis. *Ellison v. State*, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002); *Hutch*, 922 S.W.2d at 171.

## Discussion

Code of criminal procedure article 37.07 provides that at punishment, the State may offer evidence of an extraneous crime or bad act that the defendant is shown to have committed beyond a reasonable doubt. TEX. CODE CRIM. PROC.

4

ANN. art. 37.07, § 3(a) (Vernon Supp. 2008).  Article 37.07 requires the trial court to instruct the jury that it may not consider unadjudicated extraneous offenses when assessing punishment unless it finds beyond a reasonable doubt that the defendant committed the offenses in question, and the trial court errs by failing to do so.  *Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000) (op. on reh'g).  When, as here, the defendant does not request an article 37.07, section 3(a) instruction or object to its omission, we review the error for egregious harm under the *Almanza* standard.[2]  *Id.*

To determine whether Appellant suffered egregious harm, we consider the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.  *Almanza*, 686 S.W.2d at 171.  With regard to the entire jury charge on punishment, the only provision relevant to our analysis is the trial court's correct instruction that the permissible range of punishment was five to ninety-nine years or life in

---

[2] The State argues that Appellant was not entitled to a an instruction regarding possession of marihuana because the green, leafy substance was introduced during the guilt phase of trial, not punishment, and because it was admissible as same transaction contextual evidence.  For the purposes of this opinion, we assume without deciding that the trial court erred by failing to instruct the jury with regard to possession of marihuana and focus our attention on the harm analysis.

prison. *See* TEX. HEALTH & SAFETY CODE ANN. 481.115 (Vernon 2003); TEX. PENAL CODE ANN. § 12.32 (Vernon 2003). We note that the jury assessed a term of confinement just one year longer than the statutory minimum.

With regard to the state of the evidence, the record of the guilt-innocence phase shows that during a traffic stop, police found four or more but less than two hundred grams of cocaine in plain view in Appellant's car, and Appellant does not contest the sufficiency of this evidence to support his conviction or punishment. Police also found a green, leafy substance that may have been marihuana, but the discovery and admission into evidence of this substance pales to the point of insignificance in comparison to the discovery and admission of the cocaine. Finally, Appellant testified that he was a cocaine addict and had used cocaine within the six months before trial.

In connection with Appellant's admitted cocaine use, we turn to the arguments of counsel. The State specifically emphasized Appellant's cocaine use while on bond when arguing that Appellant was not a good candidate for community supervision:

> We get to talking about whether or not he would be a good candidate for probation. First example I use on that was from his own testimony where he talked about he's on bond; he's out. I asked him that question, when was the last time you used. He said, "About six months ago because I was stressed."

> If you put him on probation and that's the way he deals with stress, we're going to be right back here again. We're going to be doing what you ought to go ahead and do today.

While this argument emphasized the evidence of Appellant's drug use while apparently free on bond, it bears repeating that the evidence in question is Appellant's own testimony. The State did not mention the green, leafy substance in argument.

Texas courts have held that egregious harm has not been shown by the omission of a reasonable doubt instruction when the defendant did not challenge the sufficiency of the evidence connecting him to the extraneous conduct at trial and/or on appeal. *See, e.g.*, *McClenton v. State*, 167 S.W.3d 86, 98 (Tex. App.—Waco 2005, no pet.); *Bolden v. State*, 73 S.W.3d 428, 432 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd); *Arnold v. State*, 7 S.W.3d 832, 835 (Tex. App.—Eastland 1999, pet. ref'd). Courts have also found no egregious harm when the evidence connecting the defendant to the extraneous conduct is clear-cut. *See Johnson v. State*, 181 S.W.3d 760, 766 (Tex. App.—Waco 2005, pet. ref'd); *Allen v. State*, 47 S.W.3d 47, 52–53 (Tex. App.—Fort Worth 2001, pet. ref'd).

With regard to the evidence—Appellant's own testimony—of his cocaine use, this case falls into both categories, and we hold that Appellant has failed to show any harm, let alone egregious harm. With regard to the green, leafy

7

substance, in light of the evidence, the argument of counsel, and the jury's verdict on punishment, Appellant has shown—at most—a theoretical possibility of harm, not actual, egregious harm. *See Almanza*, 686 S.W.2d at 174.[3]

We hold that the trial court's error in failing to submit an article 37.07, section 3(a) instruction to the jury at punishment was not so egregious and created such harm that appellant did not have a fair and impartial trial. *See id.* at 171. Therefore, we overrule his sole point and affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL: GARDNER, WALKER, and MCCOY, JJ.

WALKER, J. concurs without opinion.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: August 29, 2008

---

[3] The harm analysis in Appellant's brief does not discuss harm arising from the alleged marihuana possession.

8