COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-07-033-CR

 

 

MARTIN LOPEZ                                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

In one point, Appellant Martin Lopez argues that
he suffered egregious harm when the trial court failed to charge the jury that
it could consider unadjudicated extraneous conduct when assessing punishment
only if the State proved the conduct beyond a reasonable doubt.  We affirm.

 








                                            Background

Because Appellant does not contest the
sufficiency of the evidence, we will curtail our summary of the evidence to
that necessary to analyze his point.

The grand jury indicted Appellant for possession
with intent to deliver four to two hundred grams of cocaine.  At trial, Fort Worth Police Officer Jose
Palomares testified that he stopped Appellant=s
vehicle for a traffic violation. 
Appellant failed to produce a driver=s
license or proof of insurance and made bodily motions that made Officer
Palomares fear he was reaching for a gun. 
Officer Palomares asked Appellant to step out of his car so that he
could perform a Terry frisk. 
Meanwhile, Officer Joel Parsons arrived on the scene.  Officer Parsons testified that he observed
several clear baggies, some containing a white powder and one containing a
green, leafy substance, in plain view in Appellant=s
car.  He testified that the green, leafy
substance appeared to be marihuana. 
Officer Palomares arrested Appellant, and a search of his person
incident to arrest revealed more baggies of white powder.  Officer Parsons testified that the quantify
of the white substance found on Appellant as not Aan
amount for personal use@ and was packaged for
street-level distribution.  








The trial court admitted the baggies containing
the green and white substances into evidence. 
Dr. Yin Zhang, a forensic chemist with the Fort Worth crime lab,
testified that the white substance was cocaine with an aggregate weight of 4.06
grams.  Dr. Zhang did not test the green,
leafy substance and offered no opinion as to what it was. 

The jury convicted Appellant as charged in the
indictment.  At the punishment phase of
trial, the State offered no evidence, but Appellant testified in his own
behalf.  On cross-examination, Appellant
testified that he was a cocaine addict and that he last used cocaine six months
before trial, apparently in violation of his bond conditions. 

The trial court did not instruct the jury that it
could consider the unadjudicated extraneous offensesCpossession
of marihuana and use of cocaine in violation of a bond conditionCunless
they found that the State had proved the offenses beyond a reasonable doubt,
and Appellant did not request such an instruction or object to its
omission.  The jury assessed punishment
at six years= imprisonment, and the trial
court sentenced him accordingly.  This
appeal followed.

                                       Standard
of Review

Appellate review of error in a jury charge
involves a two-step process.  Abdnor
v. State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  Initially, we must determine whether error
occurred.  If so, we must then evaluate whether
sufficient harm resulted from the error to require reversal.  Id. at 731B32.








If there is error in the court=s charge
but the appellant did not object to it at trial, we must decide whether the
error was so egregious and created such harm that appellant did not have a fair
and impartial trialCin short, that Aegregious
harm@ has
occurred.  Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh=g);
see Tex. Code Crim. Proc. Ann.
art. 36.19 (Vernon 2007); Hutch v. State, 922 S.W.2d 166, 171 (Tex.
Crim. App. 1996).

In making this determination, Athe
actual degree of harm must be assayed in light of the entire jury charge, the
state of the evidence, including the contested issues and weight of probative
evidence, the argument of counsel and any other relevant information revealed
by the record of the trial as a whole.@  Almanza, 686 S.W.2d at 171; see
generally Hutch, 922 S.W.2d at 172B74.  The purpose of this review is to illuminate
the actual, not just theoretical, harm to the accused.  Almanza, 686 S.W.2d at 174.  Egregious harm is a difficult standard to
prove and must be determined on a case-by-case basis.  Ellison v. State, 86 S.W.3d 226, 227
(Tex. Crim. App. 2002); Hutch, 922 S.W.2d at 171.

                                             Discussion








Code of criminal procedure article 37.07 provides
that at punishment, the State may offer evidence of an extraneous crime or bad
act that the defendant is shown to have committed beyond a reasonable
doubt.  Tex.
Code Crim. Proc. Ann. art. 37.07,
' 3(a)
(Vernon Supp. 2008).  Article 37.07
requires the trial court to instruct the jury that it may not consider unadjudicated
extraneous offenses when assessing punishment unless it finds beyond a
reasonable doubt that the defendant committed the offenses in question, and the
trial court errs by failing to do so.  Huizar
v. State, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000) (op. on reh=g).  When, as here, the defendant does not
request an article 37.07, section 3(a) instruction or object to its omission,
we review the error for egregious harm under the Almanza standard.[2]  Id.








 To
determine whether Appellant suffered egregious harm, we consider the entire
jury charge, the state of the evidence, including the contested issues and
weight of probative evidence, the argument of counsel and any other relevant
information revealed by the record of the trial as a whole.  Almanza, 686 S.W.2d at 171.  With regard to the entire jury charge on
punishment, the only provision relevant to our analysis is the trial court=s
correct instruction that the permissible range of punishment was five to
ninety-nine years or life in prison.  See
Tex. Health & Safety Code Ann.
481.115 (Vernon 2003); Tex. Penal
Code Ann. ' 12.32 (Vernon 2003).  We note that the jury assessed a term of
confinement just one year longer than the statutory minimum.

With regard to the state of the evidence, the
record of the guilt-innocence phase shows that during a traffic stop, police
found four or more but less than two hundred grams of cocaine in plain view in
Appellant=s car, and Appellant does not
contest the sufficiency of this evidence to support his conviction or
punishment.  Police also found a green,
leafy substance that may have been marihuana, but the discovery and admission
into evidence of this substance pales to the point of insignificance in
comparison to the discovery and admission of the cocaine.  Finally, Appellant testified that he was a
cocaine addict and had used cocaine within the six months before trial.

In connection with Appellant=s
admitted cocaine use, we turn to the arguments of counsel.  The State specifically emphasized Appellant=s
cocaine use while on bond when arguing that Appellant was not a good candidate
for community supervision:

We get to talking about whether or not he would be a good candidate
for probation.  First example I use on
that was from his own testimony where he talked about he=s on bond; he=s out.  I asked him that question, when was the last
time you used.  He said, AAbout six months ago
because I was stressed.@

 








If you put him on probation and that=s the way he deals with
stress, we=re going to be right back
here again.  We=re going to be doing what
you ought to go ahead and do today. 

 

While this argument emphasized the evidence of Appellant=s drug
use while apparently free on bond, it bears repeating that the evidence in
question is Appellant=s own testimony.  The State did not mention the green, leafy
substance in argument.

Texas courts have held that egregious harm has
not been shown by the omission of a reasonable doubt instruction when the
defendant did not challenge the sufficiency of the evidence connecting him to
the extraneous conduct at trial and/or on appeal.  See, e.g.,  McClenton v. State, 167 S.W.3d 86, 98
(Tex. App.CWaco 2005, no pet.); Bolden
v. State, 73 S.W.3d 428, 432 (Tex. App.CHouston
[1st Dist.] 2002, pet. ref=d);
Arnold v. State, 7 S.W.3d 832, 835 (Tex. App.CEastland
1999, pet. ref=d).  Courts have also found no egregious harm when
the evidence connecting the defendant to the extraneous conduct is clear‑cut.  See Johnson v. State, 181 S.W.3d 760,
766 (Tex. App.CWaco 2005, pet. ref=d); Allen
v. State, 47 S.W.3d 47, 52B53 (Tex.
App.CFort
Worth 2001, pet. ref=d).








With regard to the evidenceCAppellant=s own
testimonyCof his cocaine use, this case
falls into both categories, and we hold that Appellant has failed to show any
harm, let alone egregious harm.  With
regard to the green, leafy substance, in light of the evidence, the argument of
counsel, and the jury=s verdict on punishment,
Appellant has shownCat mostCa
theoretical possibility of harm, not actual, egregious harm.  See Almanza, 686 S.W.2d at 174.[3]

We hold that the trial court=s error
in failing to submit an article 37.07, section 3(a) instruction to the jury at
punishment was not so egregious and created such harm that appellant did not
have a fair and impartial trial.  See
id. at 171.  Therefore, we overrule
his sole point and affirm the trial court=s
judgment.

 

 

ANNE
GARDNER

JUSTICE

 

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

 

WALKER, J. concurs
without opinion.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  August 29, 2008











[1]See Tex. R. App. P. 47.4.





[2]The State argues that
Appellant was not entitled to a an instruction regarding possession of
marihuana because the green, leafy substance was introduced during the guilt
phase of trial, not punishment, and because it was admissible as same
transaction contextual evidence.  For the
purposes of this opinion, we assume without deciding that the trial court erred
by failing to instruct the jury with regard to possession of marihuana and
focus our attention on the harm analysis.





[3]The harm analysis in
Appellant=s brief does not discuss
harm arising from the alleged marihuana possession.