**Opinion filed September 11, 2020**



# In The

# Eleventh Court of Appeals

_____

## No. 11-18-00257-CR

_____

## ERNESTINA FLORES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 27515A**

## M E M O R A N D U M   O P I N I O N

In a three-count indictment, the State charged Appellant, Ernestina Flores, with possession of methamphetamine with intent to deliver, possession of methamphetamine, and unlawful possession of a firearm by a felon. The jury convicted Appellant of possession of methamphetamine with intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2017). After Appellant pleaded true to a prior felony enhancement, the jury assessed punishment at

confinement for forty-five years and a fine of $1,000. The trial court sentenced appellant accordingly. We affirm.

On July 19, 2017, Agent Brandon Adames and Agent Wayne Cockerham both worked narcotics cases with the Taylor County Sheriff's Office. On that date, they executed an arrest warrant on Appellant at the Wingate Hotel in Abilene. Appellant's son and his girlfriend were staying at the hotel, and Appellant was there to visit them. Once inside the hotel room, the agents made a protective safety sweep to search for people and weapons. Appellant's son was asleep on a couch; the agents found a loaded Kel-Tec 9mm handgun hidden inside that couch. The agents also found a bag of marihuana on the bed.

Amelia Villarreal, Appellant's friend, was an employee of the hotel at the time. As an employee, Villarreal received a discounted rate. She used that discount to rent the room for Appellant as a favor to her. Although Appellant paid for the room, Appellant's son and his girlfriend stayed in the room, and the room was in Villarreal's name. Villarreal gave the agents consent to search the room. Agent Adames read Appellant her *Miranda*[1] rights, and Appellant told him that anything that the agents found in the room was hers. The agents found approximately 168 grams of methamphetamine, digital scales, packaging material for narcotics, a counterfeit detector pen, and $1,140 in cash, all in various places in the room.

During the punishment phase of the trial, Appellant pleaded true to a prior felony possession of methamphetamine. The State also introduced testimony from two Abilene police officers, Cory Davis and Catherine Eberhardt, about an additional incident in which Appellant was found in possession of methamphetamine.

---

[1]*Miranda v. Arizona*, 384 U.S. 436 (1966).

Officer Davis testified that on June 23, 2017, he conducted a routine traffic stop of a vehicle after he noticed that there was an expired license plate on it; Appellant was the driver of the vehicle. Officer Davis asked Appellant where she was going, and he became suspicious because Appellant's response did not make sense. Appellant consented to a search of the vehicle. During the search of the vehicle, Officer Davis found an attachment for a "meth pipe[]." Officer Davis also noticed that the contents of Appellant's purse had been dumped out and that the zipper on Appellant's shorts was undone. When Officer Davis noticed that the zipper was undone, he called for a female officer to come to the scene to conduct a "more thorough search."

Officer Eberhardt testified that, after she arrived at the scene, she conducted a search of Appellant's person. Officer Eberhardt found a small plastic bag in one of Appellant's pockets; the bag contained a residue believed to be methamphetamine. Appellant's shorts were still unzipped, and Officer Eberhardt asked Appellant to pull her shorts forward. Appellant did so, and Officer Eberhardt noticed a "crystal-like substance inside a . . . clear baggie hanging out of [Appellant's] vaginal cavity." Appellant attempted to further conceal the baggie; at which time, Officers Eberhardt and Davis placed Appellant in handcuffs.

Officer Cati Wolfe, another female officer who had been called to the scene, and Officer Eberhardt conducted an "unclothed search" of Appellant. The officers conducted the search inside the restroom of a nearby convenience store. The officers retrieved the bag, and a lab confirmed that it contained 25.37 grams of methamphetamine. Appellant told the officers that the bag was not hers.

Appellant did not testify during the punishment phase and did not otherwise contest the extraneous-offense evidence offered by the State. The trial court admitted the testimony but failed to instruct the jury on the use of extraneous-offense evidence. Appellant did not object to the omission in the jury charge.

In Appellant's sole issue on appeal, she argues that the trial court erred when it did not sua sponte instruct the jury that, before it could consider the extraneous-offense evidence during the punishment phase, the jury must find that the State had proved those offenses beyond a reasonable doubt. Evidence of extraneous crimes or bad acts is admissible during the punishment phase of trial to the extent that such evidence is relevant to sentencing. TEX. CODE CRIM. PROC. ANN. art 37.07, § 3(a) (West Supp. 2019). The trial court must give a reasonable doubt instruction at the punishment phase of trial because it is considered as law applicable to the case. *Delgado v. State*, 235 S.W.3d 244, 252 (Tex. Crim. App. 2007); *Huizar v. State*, 12 S.W.3d 479, 483–84 (Tex. Crim. App. 2000). We hold that the trial court erred when it did not include the extraneous offense instruction in its charge to the jury.

Because we have determined that there was an error in the charge, we now determine whether the error was harmful to Appellant. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985); *Atnipp v. State*, 517 S.W.3d 379, 395 (Tex. App.—Eastland 2017, pet. ref'd). If the appellant failed to object to the jury-charge error, as here, we reverse only if the appellant suffered "egregious harm." *Almanza*, 686 S.W.2d at 171. Thus, we must determine whether the error was "so egregious and created such harm" that Appellant was deprived of "a fair and impartial trial." *Id.* "Egregious harm is a difficult standard to prove and such a determination must be done on a case-by-case basis." *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996). We do not consider the possible harm to Appellant by the admission of the extraneous-offense evidence; rather, we consider the "impact of the omission in the jury charge of a reasonable-doubt instruction." *Ellison v. State*, 86 S.W.3d 226, 228 (Tex. Crim. App. 2002).

In this case, Appellant did not contest or object to any of the evidence presented during the punishment phase. Officer Davis and Officer Eberhardt testified that Appellant possessed methamphetamine on a previous occasion;

4

Appellant did not cross-examine either witness. Where an appellant does not contend that the evidence was insufficient to prove the extraneous offenses, or contest the evidence at all, we do not believe that the omission of a reasonable doubt instruction causes an appellant egregious harm. *See Arnold v. State*, 7 S.W.3d 832, 835 (Tex. App.—Eastland 1999, pet. ref'd). We hold that to be true in this case.

The State argues, and we agree, that the proof connecting Appellant to the extraneous offense diminishes the harm caused by the missing instruction. The record contains testimony from two officers as well as video footage of Appellant in the back of a police cruiser obviously attempting to conceal contraband in her vaginal cavity. We agree with the State that it is difficult to ascribe egregious harm to the charge error when the jury was presented with "clear cut" evidence of Appellant's extraneous offenses. *See Allen v. State*, 47 S.W.3d 47, 52–53 (Tex. App.—Fort Worth 2001, pet. ref'd) (finding no egregious harm caused by charge error when "strong, direct, eye-witness testimony" of extraneous offenses was present in the record).

Finally, we consider that the jury assessed punishment at forty-five years' imprisonment, which is well within the punishment range of fifteen to ninety-nine years. At the punishment phase, the State argued that Appellant should receive a proportionate sentence relative to the amount of methamphetamine seized: "The range in that for the weight is 4 to 200. And we're at 68 [sic]. We're not at the 200, but we're well above 4." Although the trial court erred in the jury charge, the jury's assessment of a punishment well within the prescribed range weighs against a finding of egregious harm. *See, e.g.*, *Graves v. State*, 176 S.W.3d 422, 435–36 (Tex. App.—Houston [1st Dist.] 2004, pet. struck) (finding no egregious error when the jury assessed punishment "far below the maximum").

Although the trial court erred when it did not instruct the jury on the use of extraneous-offense evidence at the punishment phase of trial, Appellant has not

suffered harm so egregious that she was deprived of a fair and impartial trial. *See Almanza*, 686 S.W.2d at 171. Further, Appellant did not contest the extraneous evidence, and she received a punishment well within the statutory range. We overrule Appellant's sole issue on appeal.

We affirm the judgment of the trial court.

JIM R. WRIGHT
SENIOR CHIEF JUSTICE

September 11, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.