ACCEPTED
06-15-00042-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
8/31/2015 11:20:19 PM
DEBBIE AUTREY
CLERK

No. 06-15-0042-CR, 06-15-0043-CR, 06-15-0044-CR,
06-15-0045-CR, 06-15-0046-CR

IN THE COURT OF APPEALS
FOR THE SIXTH SUPREME JUDICIAL DISTRICT
AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
9/1/2015 8:49:00 AM
DEBBIE AUTREY
Clerk

**Richard Darby III,**                                                                 *Appellant*

**v.**

**The State of Texas,**                                                                      *State*

Appealed from the 102nd Judicial District Court
Bowie County, Texas



BRIEF FOR THE STATE
The State Does Not Request Oral Argument

**Respectfully submitted:**

**Jerry D. Rochelle**
*Criminal District Attorney*
Bowie County, Texas
601 Main Street
Texarkana, Texas 75501

By:     **Lauren N. Sutton**
*Assistant District Attorney*
601 Main Street
Texarkana, Texas 75501
Texas Bar No. 24079421
**Attorneys for the State**

| | | |
|---|---|---|
| Richard Darby, | § | Nos. 06-15-0042-CR |
| *Appellant* | § | 06-15-0043-CR |
| | § | 06-15-0044-CR |
| v. | § | 06-15-0045-CR |
| | § | 06-15-0046-CR |
| The State of Texas, | § | |
| *State* | § | BRIEF FOR THE STATE |
| | § | |

## Identity of the Parties

The following is a complete list of all the parties to the trial court's judgment as required by the provisions of Rule 38.2(a) of the Texas Rules of Appellate Procedure:

1. Defendant and Appellant:

   **Richard Darby III**

2. Attorneys for Appellant on appeal:

   **Troy Hornsby**
   Attorney at Law
   1725 Galleria Oaks Drive
   Texarkana, Texas 75503
   Troy.hornsby@gmail.com

3. Attorneys for Appellant at trial:

   **Will Williams**
   Bowie County Public Defender's Office

4.  Attorney for the State of Texas at trial:

    **Kelley Crisp**
    Assistant District Attorneys
    Bowie County, Texas
    601 Main Street
    Texarkana, Texas 75501

5.  Attorney for the State of Texas on appeal:

    **Lauren N. Richards**
    Assistant District Attorney
    Texas Bar No. 24079421
    601 Main Street
    Texarkana, Texas 75501
    Lauren.sutton@txkusa.org

6.  Presiding Judge at trial:

    **The Honorable Bobby Lockhart**
    District Court Judge
    102nd Judicial District
    Bowie County, Texas
    Bi-State Justice Building
    100 North State Line Avenue
    Texarkana, Texas 75501

## Table of Contents

Identity of the Parties and Counsel ........................................................................... i-ii

Table of Contents .................................................................................................... iii-iv

Index of Authorities ................................................................................................ v-viii

Statement of the Case ................................................................................................... 1

Reply to Points of Error ............................................................................................ 2-3

Argument ................................................................................................................... 4-28

    Reply to Point of Error Number One ................................................. 4-8
    *The trial court did not abuse its discretion in allowing the*
    *introduction of evidence that the Appellant had committed two*
    *unadjudicated sexual assaults.*

    Reply to Point of Error Number Two ............................................. 9-14
    *The trial court did not err in admitting evidence of two*
    *unadjudicated sexual assaults because the evidence's probative*
    *value was not outweighed by its prejudicial effect.*

    Reply to Point of Error Number Three ........................................ 15-20
    *The evidence of the Appellant's conversation regarding a plan*
    *to escape from jail was properly admitted to rebut his own*
    *testimony.*

    Reply to Point of Error Number Four .......................................... 21-24
    *The State laid the proper foundation for the admission of the*
    *jail conversation recording.*

    Reply to Point of Error Number Five ........................................... 24-27
    *The offense of Evading Arrest with a Motor Vehicle is a third*
    *degree felony, therefore the Appellant was properly convicted*
    *of a third degree felony on that charge.*

Reply to Points of Error Number Six, Seven and Eight................. 27-28

*The typographical errors in the judgments of conviction may be corrected via a Judgment Nunc Pro Tunc or reformation of the judgment by this Court.*

Prayer for Relief...........................................................................28

Certificate of Compliance ...........................................................29

Certificate of Service .................................................................30

# Index of Authorities

**<u>Cases</u>**

*Adetomiwa v. State*, 421 S.W.3d 922 (Tex. App.—Fort Worth 2014, no pet.).26, 27

*Arnold v. State*, 7 S.W.3d 832 (Tex. App.—Eastland 1999, pet. ref'd) ...................5

*Autry v. State*, 27 S.W.3d 177 (Tex. App.—San Antonio 2000, pet. ref'd).............5

*Davis v. State*, 315 S.W.3d 908 (Tex. App.—Houston[14th Dist.] 2010) .................7

*De La Paz v. State*, 279 S.W.3d 336 (Tex. Crim. App. 2009)............................12,16

*Goodwin v. State*, 91 S.W.3d 912 (Tex. App—Fort Worth 2002, no pet.) ..........6,16

*Johnson v. State*, 967 S.W.2d 410 (Tex. Crim. App. 1998) ....................................19

*Joiner v. State*, 825 S.W.2d 701 (Tex. Crim. App. 1992) .......................................11

*Jones v. State,* 944 S.W.2d 642 (Tex. Crim. App. 1996) .........................................11

*Kephart v. State*, 875 S.W.2d 319 (Tex.Crim.App.1994) .......................................22

*Lincicome v. State*, 3 S.W.3d 644 (Tex. App.—Amarillo 1999, no pet.)..........6,9,16

*Love v. State*, 861 S.W.2d 899 (Tex. Crim. App. 1993)............................................9

*Malpica v. State*, 108 S.W.3d 374 (Tex. App.—Tyler 2003)................................4,5

*Matz v. State*, 21 S.W.3d 911 (Tex. App.—Fort Worth 2000)................................19

*McDaniel v. State*, 3 S.W.3d 176 (Tex. App.—Fort Worth 1999, pet. ref'd)........6,9

*Mitchell v. State*, 931 S.W.2d 950 (Tex.Crim.App.1996) ......................................6,7

*Montgomery v.* State, 810 S.W.2d 372 (Tex. Crim. App. 1990)..................6,9,15,21

*Morales v. State,* 389 S.W.3d 915 (Tex. App—Houston [14th Dist.] 2013) ...........17

*Morales v. State,* 32 S.W.3d 862 (Tex. Crim. App. 2000) ...................................13,17

*Motilla v. State*, 78 S.W.3d 352 (Tex. Crim. App. 2002).........................................19

*Phelps v. State*, 999 S.W.2d 512 (Tex. App.—Eastland 1999, pet. ref'd) .............16

*Robbins v. State*, 88 S.W.3d 256 (Tex. Crim. App. 2002) ......................................16

*Robinson v. State*, 35 S.W.3d 257 (Tex. App.—Texarkana 2000, pet. ref'd).9,15,22

*Rogers v. State*, 991 S.W.2d 263 (Tex. Crim. App. 1999) ......................................11

*Salazar v. State*, 87 S.W.3d 680 (Tex. App.—San Antonio 2002, no pet.) .............6

*Sherman v. State*, 20 S.W.3d 841 (Tex. App.—Texarkana 2000, no pet.)................9

*Shugart v. State*, 32 S.W.3d 355 (Tex. App.—Waco 2000, pet. ref'd)...................19

*Taylor v. State*, 93 S.W.3d 487 (Tex. App—Texarkana 2002, pet. ref'd.) ..............6

*Thompson v. State*, 4 S.W.3d 884 (Tex. App—Houston [1st Dist] 1999, pet. ref'd)5,7

*Washington v. State*, 943 S.W.2d 501 (Tex. App.—Fort Worth, 1997).................19

*Weatherred v. State*, 15 S.W.3d 540 (Tex. Crim. App. 2000).....................6,9,15,22

*Wesbrook v. State*, 29 S.W.3d 103 (Tex. Crim. App. 2000)...................................19

*Wheeler v. State*, 67 S.W.3d 879 (Tex. Crim. App. 2002) ......................................6

*Whirlpool Corp. v. Camacho*, 298 S.W.3d 631 (Tex. 2009)..................................21

*Wilder v. State*, 111 S.W.3d 249, 255 (Tex. App.—Texarkana 2003, pet. ref'd) ...15

**Texas Legislative Acts**

Act of May 23, 2011, 82nd Leg., R.S., ch. 391, § 1 2011 Tex. Sess. Law Serv. 1046 (Senate Bill 496) ...................................................................................25

Act of May 24, 2011, 82nd Leg., R.S., ch. 839, § 4, 2011, Tex. Sess. Law. Serv. 2110, 2111(House Bill 3423).......................................................................25

Act of May 27, 2011, 82nd Leg., R.S., ch. 920, § 3, 2011 Tex. Sess. Law Serv. 2320, 2321 (Senate Bill 1416) ...............................................................25

**Rules of Appellate Procedure**

Tex. R. App. Proc. 44.2(a) ...................................................................13,19

Tex. R. App. Proc. 44.2(b)...................................................................13,19

**Rules of Evidence**

Tex. R. Evid. 403 .......................................................................................10

Tex. R. Evid. 901(b)................................................................................222

**Texas Code of Criminal Procedure**

Tex. Code Crim. Proc. art. 37.07 § 3(a)....................................................6

Tex. Code Crim. Proc. art. 37.07 § 3(g) .............................................10, 17

Tex. Code Crim. Proc. art. 38.14 ..............................................................6

**Texas Government Code**

Tex. Gov't Code § 311.025(b).................................................................................26

**Texas Penal Code**

Tex. Penal Code § 38.04(b) ...........................................................................24,25

# Statement of the Case

Appellant, Richard Darby III, pled guilty to three counts of Aggravated Robbery, one count of Evading Arrest with a Motor Vehicle, and one count of Theft over $1,500 but less than $20,000. The Appellant requested that a jury assess his punishment for the convictions. The jury assessed punishment at forty-five (45) years on all three Aggravated Robbery charges, ten (10) years on the Evading Arrest with a Motor Vehicle charge, and 2 years on the Theft charge. The Judge sentenced the Appellant accordingly with all sentences imposed to run concurrently. Appellant then perfected appeal to this Honorable Court. He now appeals the punishment verdict of the trial court on eight points of error.

# Reply to Points of Error

REPLY TO POINT OF ERROR NUMBER ONE:

The trial court did not abuse its discretion in allowing the introduction of evidence that the Appellant had committed two unadjudicated sexual assaults.

REPLY TO POINT OF ERROR NUMBER TWO:

The trial court did not err in admitting evidence of two unadjudicated sexual assaults because the evidence's probative value was not outweighed by its prejudicial effect.

REPLY TO POINT OF ERROR NUMBER THREE:

The evidence of the Appellant's conversation regarding a plan to escape from jail was properly admitted to rebut his own testimony.

REPLY TO POINT OF ERROR NUMBER FOUR:

The State laid the proper foundation for the admission of the jail conversation recording.

REPLY TO POINT OF ERROR NUMBER FIVE:

The offense of Evading Arrest with a Motor Vehicle is a third degree felony, therefore the Appellant was properly convicted of a third degree felony on that charge.

REPLY TO POINT OF ERROR NUMBER SIX, SEVEN AND EIGHT:

The typographical errors in the judgments of conviction may be corrected via a Judgment Nunc Pro Tunc or reformation of the judgment by this Court.

**Argument**

**Reply to Points of Error One**

*The trial court did not abuse its discretion in allowing the introduction of evidence that the Appellant had committed two unadjudicated sexual assaults.*

At the punishment trial of the Appellant, the State introduced testimony and evidence that the Appellant had committed an offense while being housed in jail at the Bi-State Justice Center, where he was awaiting trial. Appellant was charged and indicted for two counts of sexual assault. Appellant challenges the sufficiency of the evidence presented by the State. He argues that it is not sufficient to establish he committed the extraneous offense of sexual assault beyond a reasonable doubt.

**Argument and Authorities**

**A. Standard of Review**

Although the same reasonable doubt standard required for conviction also applies at the punishment stage to the proof of the accused's extraneous acts of misconduct, there is no comparable sufficiency review of the extraneous offense evidence introduced at punishment.[1] Moreover, the reasonable doubt standard as applied to extraneous offenses at punishment lacks many of the procedural protections that reinforce its application at the guilt-innocence phase of trial. The

---

[1] *Malpica v. State*, 108 S.W.3d 374, 378 (Tex. App.—Tyler 2003)

4

State has no burden to prove any particular elements of the extraneous offenses, and the jury need not be instructed on the elements of the extraneous offenses.[2]

In his first point of error, the Appellant quotes testimony of the witnesses of the extraneous offense and summarily states that the evidence was "not sufficient to establish that Darby was responsible beyond a reasonable doubt" and therefore "inadmissible pursuant to Texas Code of Criminal Procedure article 37.07"

The only review possible of the sufficiency of the proof of extraneous offense evidence introduced during punishment is a review under an abuse of discretion standard of the trial judge's threshold ruling on admissibility.[3] One of the reasons for not reviewing the sufficiency of the evidence to support extraneous offenses raised during punishment is because there is no actual finding by the jury that the defendant committed the extraneous offense.[4] A reviewing court cannot determine whether the jury found beyond a reasonable doubt that appellant was criminally responsible for the extraneous offense; nor can it determine if any such finding even affected the jury's determination of punishment.[5]

---

[2] *See, e.g., Autry v. State*, 27 S.W.3d 177, 181 (Tex. App.—San Antonio 2000, pet. ref'd); *Arnold v. State*, 7 S.W.3d 832, 834 (Tex. App.—Eastland 1999, pet. ref'd).
[3] *Malpica*, 108 S.W.3d at 379.
[4] *See Thompson v. State,* 4 S.W.3d 884, 886 (Tex. App—Houston [1st Dist] 1999, pet. ref'd).
[5] *See Id.*

Turning to the applicable standard of review, a trial court has considerable discretion in determining whether to admit or exclude evidence.[6] An appellate court reviews the trial court's decision to admit extraneous offense evidence under the abuse of discretion standard.[7] An abuse of discretion occurs only when the trial court acts arbitrarily or unreasonably without reference to any guiding rules or principles.[8] Even if the reviewing court might have reached a different result, the court must uphold the trial court's decision to admit or exclude evidence if it was within the "zone of reasonable disagreement."[9] Proof of extraneous offenses by accomplice testimony need not be corroborated.[10]

## B. Application of Law to Facts

Article 37.07, section 3(a) provides that the State may introduce "evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant."[11] The Court of Criminal

---

[6] *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990 (op. on reh'g); *McDaniel v. State*, 3 S.W.3d 176, 180 (Tex. App.—Fort Worth 1999, pet. ref'd).

[7] *See Mitchell v. State,* 931 S.W.2d 950, 953 (Tex.Crim.App.1996).

[8] *Lincicome v. State*, 3 S.W.3d 644, 646 (Tex. App.—Amarillo 1999, no pet.); *Phelps v. State*, 999 S.W.2d 512 (Tex. App.—Eastland 1999, pet. ref'd); *see Montgomery*, 810 S.W.2d at 372.

[9] *Wheeler v. State*, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002) (citing *Montgomery*, 810 S.W.2d at 391); *Weatherred*, 15 S.W.3d at 542; *Taylor v. State*, 93 S.W.3d 487, 505-506 (Tex. App—Texarkana 2002, pet. ref'd.); *Goodwin v. State*, 91 S.W.3d 912, 917 (Tex. App—Fort Worth 2002, no pet.).

[10] *See Salazar v. State*, 87 S.W.3d 680, 684 (Tex. App.—San Antonio 2002, no pet.); Tex. Code Crim. Proc. art. 38.14.

[11] Tex. Code Crim. Proc. art. 37.07 § 3(a).

Appeals has made clear that the beyond-a-reasonable-doubt standard of this statute is the same as that applied during the guilt-innocence phase.[12]

Appellant argues that the trial court should have made an initial finding of proof beyond a reasonable doubt that the defendant has committed the bad act as alleged as a prerequisite to admissibility during the punishment phase. However, under this statute, the trial court is deemed the authority on the threshold issue of admissibility of relevant evidence during the punishment phase of a trial, while the jury, as the "exclusive judge of the facts," determines whether or not the burden of proof for those offenses presented has been satisfied by the party offering the evidence.[13] In conducting its inquiry as to admissibility, the court determines whether the evidence is relevant and whether "the jury could reasonably find beyond a reasonable doubt that the defendant committed the extraneous offense."[14] That is the question to this Court on appeal as to point of error number one. Ultimately, the fact finder must decide whether the extraneous offense was proven beyond a reasonable doubt.[15]

---

[12] *See Mitchell v. State,* 931 S.W.2d 950, 954 (Tex.Crim.App.1996) ("When evidence of extraneous offenses has been offered, regardless of the respective phase of a trial, the law requires that it be proved beyond a reasonable doubt").

[13] *See Mitchell,* 931 S.W.2d at 953; *Thompson v. State,* 4 S.W.3d 884, 886 (Tex.App.—Houston [1st Dist.] 1999, pet. ref'd).

[14] *Thompson,* 4 S.W.3d at 886 (citing *Harrell v. State,* 884 S.W.2d 154, 160–61 (Tex.Crim.App.1994))

[15] *Davis v. State*, 315 S.W.3d 908, 914 (Tex. App.—Houston[14th Dist.] 2010), rev'd on other grounds, 349 S.W.3d 517 (Tex. Crim. App. 2011).

Prior to opening statements, the trial court held a hearing based on the Appellant's objections to evidence being introduced of the pending charges of sexual assault. (R.R. Vol. 6, p. 5). During arguments as to the admissibility of the evidence, the State provided the court with a brief rendition of what the evidence presented would show. (R.R. Vol. 6, p. 17-18). The trial court was also aware of the State's Notice of Extraneous Offenses and that the two sexual assaults were included in that notice to the Defense. (R.R. Vol. 6, p. 18). After hearing lengthy arguments from both sides, the trial court determined that the evidence of the sexual assaults was relevant, and also admissible under Texas Rule of Evidence 403. (R.R. Vol. 6, p. 32-33).

Based on the proffer made by the state, as well as the filings the court was aware of, the trial court implicitly made the finding that the jury could reasonably find beyond a reasonable doubt that the defendant committed the extraneous offense.

Should this court decide the proffer made at the time of the court's ruling was insufficient, the evidence that the State presented at trial beyond the proffer is sufficient to support a finding beyond a reasonable doubt that Appellant committed the extraneous offenses. Therefore it was not error for the trial court to allow the introduction of the evidence during the punishment trial.

For these reasons, Appellant's first point of error should be overruled.

## Reply to Point of Error Two

*The trial court did not err in admitting evidence of two unadjudicated sexual assaults because the evidence's probative value was not outweighed by its prejudicial effect.*

### Argument and Authorities

Appellant challenges the trial court's ruling on the introduction of two unadjudicated sexual assaults committed by the Appellant while he was housed in the Bowie County Correctional Facility on other charges. However, the

### A. Standard of Review

A trial court has considerable discretion in determining whether to admit or exclude evidence.[16] When considering whether a trial court's decision to admit or exclude evidence is error, an appellate court must determine whether the trial court abused that discretion.[17] This inquiry depends on the facts of each case.[18] An abuse of discretion occurs only when the trial court acts arbitrarily or unreasonably without reference to any guiding rules or principles.[19]

---

[16] *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990 (op. on reh'g); *McDaniel v. State*, 3 S.W.3d 176, 180 (Tex. App.—Fort Worth 1999, pet. ref'd).

[17] *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Robinson v. State*, 35 S.W.3d 257, 263 (Tex. App.—Texarkana 2000, pet. ref'd).

[18] *Love v. State*, 861 S.W.2d 899, 904 (Tex. Crim. App. 1993); *Sherman v. State*, 20 S.W.3d 841, 847 (Tex. App.—Texarkana 2000, no pet.).

[19] *Lincicome v. State*, 3 S.W.3d 644, 646 (Tex. App.—Amarillo 1999, no pet.); *Phelps v. State*, 999 S.W.2d 512 (Tex. App.—Eastland 1999, pet. ref'd); *see Montgomery*, 810 S.W.2d at 372.

B. **Application of Law to Facts**

Texas Code of Criminal Procedure 37.07 states that during the punishment phase of trial, the court may admit any evidence as to:

> "any matter the court deems relevant including but not limited to the prior criminal record of the defendant . . . any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant…"

Prior to the presentation of evidence during the punishment trial, the court held a hearing to determine the admissibility of the two unadjudicated sexual assaults. (R.R. Vol. 6, p. 6). The Appellant argued to the trial court that even though the evidence had "pretty good" probative value, the State did not need the evidence because he was currently under indictment for the conduct and in this opinion the State could try him for that conduct in another trial. (R.R. Vol. 6, p. 8). Appellant also argued the evidence would have a tendency to suggest a decision on an improper basis because of the nature of the conduct. (R.R. Vol. 6, p. 9). Appellant went as far to say that if the trial court allowed the evidence it "probably wouldn't be reversible error," but claimed it would still be harmful. (R.R. Vol. 6, p. 9-10) The trial court overruled the Appellant's 403 objection and allowed the State to present the evidence. (R.R. Vol. 6, p. 33).

Under Texas Rule of Evidence 403, evidence is properly excluded when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue

10

delay, or needless presentation of cumulative evidence." Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial.[20]

Unfair prejudice refers to "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily an emotional one."[21] All testimony and evidence will be prejudicial to one party or the other.[22] It is only when there is a clear disparity between the degree of prejudice of the offered evidence and its probative value that Rule 403 is applicable.[23]

The evidence presented that the Appellant committed the offense of sexual assault while housed in the jail was not so prejudicial as to require exclusion. The jury is entitled to hear evidence that while incarcerated on his aggravated robbery, evading, and theft charges, he was committing other offenses. Had the Appellant been a model prisoner while being housed in the jail, he would have necessarily been permitted to bring that evidence to the jury at the punishment phase of the trial. The fact that while incarcerated the Appellant continued to commit bad acts and criminal offenses against his fellow prisoners is helpful to the jury in its determination of an appropriate sentence.

---

[20] *Jones v. State*, 944 S.W.2d 642, 652 (Tex. Crim. App. 1996).
[21] *Rogers v. State*, 991 S.W.2d 263, 366 (Tex. Crim. App. 1999).
[22] *See Joiner v. State*, 825 S.W.2d 701, 708 (Tex. Crim. App. 1992).
[23] *Jones*, 944 S.W.2d at 653.

This court should review the following four factors in conducting the Rule 403 balancing test: (1) how compellingly the evidence serves to make a fact of consequence more or less probably, (2) the potential to impress the jury on some irrational basis, (3) the time needed to develop the evidence, and (4) the force of the proponent's need for the evidence.[24] As to the first factor- the evidence of the Appellant' continued criminal behavior while incarcerated was relevant probative to the Appellant's moral blameworthiness and was helpful to the jury in determining the appropriate punishment. In regards to the second factor, the evidence was not an appeal to improper emotion or a confusion of the issues. On the third factor, the testimony of the victim and two other co-defendants was rather lengthy, but the nature of the offense and number of perpetrators make the subject matter especially complex, and it was not solely the State's examination of the witnesses, but also the Appellant's cross-examination which took a substantial amount of time. In regards to the final factor, the evidence was not cumulative of any other evidence admitted in the punishment trial. In addition, in a punishment trial the State will always want to show that the offender shows a continuing threat. The evidence of the assaults in the jail showed just that. These four factors weigh in favor of admissibility. While the extraneous acts were prejudicial to the Appellant, they were not unfairly prejudicial.

---

[24] *De La Paz v. State*, 279 S.W.3d 336, 348-49 (Tex. Crim. App. 2009).

12

C. **Harm Analysis**

Assuming arguendo that the trial court erred by admitting evidence that the Appellant had committed the sexual assault offenses in the jail, such error does not constitute reversible error.

Under Rule 44.2(b) non-constitutional error must be disregarded if it does not affect the appellant's substantial rights.[25] A substantial right is affected when the error had a "substantial and injurious effect or influence in determining the jury's verdict."[26] To assess the likelihood that the jury's decision was adversely affected by the erroneous admission of evidence, the reviewing court considers the entire record, including the other evidence admitted, the nature of the evidence supporting the verdict, and the character of the error in light of the other evidence in the case.[27] In a harm analysis under Rule 44.2(a), "the presence of overwhelming evidence supporting the finding in question can be a factor in the evaluation of harmless error."[28] We also consider the arguments of counsel and the extent to which the State emphasized the improper evidence.[29]

In the instant case, a review of the record as a whole assures this Court that any erroneous admission of evidence that the Appellant committed the charged

---

[25] Tex. R. App. Proc. 44.2(b)

[26] *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); *Shugart v. State*, 32 S.W.3d 355, 363 (Tex. App.—Waco 2000, pet. ref'd); *Matz v. State*, 21 S.W.3d 911, 912(Tex. App.—Fort Worth 2000).

[27] *See Motilla v. State*, 78 S.W.3d 352, 357-58 (Tex. Crim. App. 2002).

[28] *Wesbrook v. State*, 29 S.W.3d 103, 119 (Tex. Crim. App. 2000).

[29] *See Motilla v. State*, 78 S.W.3d at 357.

offenses of sexual assault while he was in jail did not influence the jury in its determination of Appellant's guilt, or had but a slight effect.

The sentences handed down by the jury are evidence of this fact. The Appellant pled guilty to three counts of aggravated robbery, one count of evading arrest with a motor vehicle, and one count of theft over $1,500 but under $20,000. The three counts of aggravated robbery were all first degree felonies, which are punishable by 5-99 years or life in the penitentiary. The offense of evading arrest with a motor vehicle is a third degree felony, punishable by no more than 10 years and not less than 2 in the penitentiary. The offense of theft is punishable as a state jail felony, carrying a sentence of no more than two years but not less than 6 months in a state jail facility. The Appellant was sentenced to 45 years for each of the first degree felonies. He was sentenced to 10 years on the evading charge and 2 years for the theft. The fact that the jury gave 45 year sentences for three counts of aggravated robbery, none of which occurred during the same criminal episode, indicates they exercised some leniency, as opposed to showing they made their decision on punishment on some improper basis. This goes to prove that the evidence of the unadjudicated sexual assaults did not influence the jury in its determination of the Appellant's punishment.

For these reasons, Appellant's second point of error should be overruled.

## Reply to Point of Error Three

*The evidence of the Appellant's conversation regarding a plan to escape from jail was properly admitted to rebut his own testimony.*

### Argument and Authorities

In his third point of error, the Appellant complains that the trial court allowed the admission of a discussion between Appellant and his father about a plan to escape. Appellant argues the evidence should have been excluded by the trial court because the State did not give timely notice of the extraneous offense evidence and the evidence was inadmissible as rebuttal to Appellant's own evidence that he was remorseful for his actions.

### A. Standard of Review

The trial court has wide discretion in deciding whether to admit or exclude evidence.[30] When considering whether a trial court's decision to admit or exclude evidence is error, an appellate court must determine whether the trial court abused that discretion.[31] This inquiry depends on the facts of each case.

When reviewing a trial court's decision to admit or exclude evidence, an appellate court must afford great deference to the trial court's balancing determination and should reverse a trial court "rarely and only after a clear abuse

---

[30] *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990); *Wilder v. State*, 111 S.W.3d 249, 255 (Tex. App.—Texarkana 2003, pet. ref'd).

[31] *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Robinson v. State*, 35 S.W.3d 257, 263 (Tex. App.—Texarkana 2000, pet. ref'd).

of discretion."[32] An abuse of discretion occurs only when the trial court acts arbitrarily or unreasonably without reference to any guiding rules or principles.[33] Even if the reviewing court might have reached a different result, the court must uphold the trial court's decision to admit or exclude evidence if it was within the "zone of reasonable disagreement."[34] A trial court's evidentiary ruling must be upheld if it was correct under any theory of law applicable to the case.[35]

## B. Application of Law to Facts

Appellant's complaint on appeal in regards to this specific evidence is two-fold. His complaint is that (1) the State did not comply with the notice requirement of article 37.07 and (2) that the State was required to comply with the notice requirement because the evidence was not proper rebuttal evidence. However, the evidence of a discussion of an escape was properly offered on rebuttal and therefore the Appellant was not entitled to notice of the evidence. In addition, due to the nature of the evidence and how it came to light during trial, the State did properly apprise the defendant as soon as practicable that it intended to introduce the evidence.

---

[32] *Robbins v. State*, 88 S.W.3d 256, 262 (Tex. Crim. App. 2002).

[33] *Lincicome v. State*, 3 S.W.3d 644, 646 (Tex. App.—Amarillo 1999, no pet.); *Phelps v. State*, 999 S.W.2d 512 (Tex. App.—Eastland 1999, pet. ref'd)

[34] *Wheeler v. State*, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002) (citing *Montgomery*, 810 S.W.2d at 391); *Weatherred*, 15 S.W.3d at 542; *Taylor v. State*, 93 S.W.3d 487, 505-506 (Tex. App—Texarkana 2002, pet. ref'd.); *Goodwin v. State*, 91 S.W.3d 912, 917 (Tex. App—Fort Worth 2002, no pet.).

[35] *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

After the defense rested its case, the trial court inquired of the State as to what defensive evidence the State intended to rebut. (R.R. Vol. 7, p. 199). The State informed the trial court it would "rebut the testimony of the defendant that he is remorseful, that he is willing to accept responsibility for these acts, that he is willing to accept punishment that the jury gives him." (R.R. Vol. 7, p. 200). The State told the court that there was a recording made from a conversation the Appellant had with his father the night before where the Appellant "tried to get his father to assist him in breaking out of Court today." (R.R. Vol. 7, p. 200).

The State must give notice of its intention to introduce evidence during punishment of other extraneous offenses committed by the defendant if a timely request is made.[36] The Appellant made the proper request and the State sent proper Notice of its intention to introduce evidence of extraneous offenses of the Appellant prior to trial. This notice requirement with respect to the state's introduction of evidence of an extraneous crime or bad act apply only to evidence presented during the State's case-in-chief, not during cross-examination or rebuttal.[37] It is important to note that when the State supplied this notice to the Appellant, and up until the day the evidence was introduced, the evidence was not in existence and was unknown to the State because it was a conversation the Appellant had with his father during the trial which was recorded.

---

[36] Tex. Code Crim. Proc. art. 37.07 § 3(g).
[37] *Morales v. State*, 389 S.W.3d 915, 920 (Tex. App—Houston [14th Dist.], 2013).

17

In the present case, the State was not aware what the Appellant would testify to. The fact that he took the witness stand and repeatedly said he was remorseful and wanted to take responsibility for his actions compelled the State present rebuttal that he was indeed not remorseful or willing to take responsibility for his actions. The Appellant stated it was his "goal" to "accept whatever the jury's punishment is as a man and take [sic] responsibility." (R.R. Vol. 7, p. 183).

This was not an attempt by the State to circumvent the notice requirement of article 37.07. The State was not avoiding the mandatory notice requirements, the evidence was only 'created' the night before when the Appellant had the conversation with his father and was made known to the State during the course of the day. The State informed the trial court they were only made aware of the recording during the lunch hour. (R.R. Vol 7, p. 205).

The evidence was offered not just to rebut the remorsefulness of the Appellant, but also his statement that he wished to take responsibility for his actions and accept the punishment of the jury. Very little else, besides a plan to escape imprisonment, would be better rebuttal evidence of someone's claims that they are accepting responsibility and the ensuing punishment. This evidence was proper to rebut the Appellant's testimony. Article 37.07 does not require the State

to give notice of rebuttal evidence.[38] Therefore it was not an abuse of discretion for the trial court to allow the introduction of the evidence.

## C. Harm Analysis

Should this Court find that the trial court erred by allowing introduction of the extraneous offense evidence, such error does not constitute reversible error.

Under Rule 44.2(b) non-constitutional error must be disregarded if it does not affect the appellant's substantial rights.[39] A substantial right is affected when the error had a "substantial and injurious effect or influence in determining the jury's verdict."[40] To assess the likelihood that the jury's decision was adversely affected by the erroneous admission of evidence, the reviewing court considers the entire record, including the other evidence admitted, the nature of the evidence supporting the verdict, and the character of the error in light of the other evidence in the case.[41] In a harm analysis under Rule 44.2(a), "the presence of overwhelming evidence supporting the finding in question can be a factor in the evaluation of harmless error."[42] The reviewing court will also consider the

---

[38] *Washington v. State*, 943 S.W.2d 501, 506 (Tex. App.—Fort Worth, 1997).
[39] Tex. R. App. Proc. 44.2(b)
[40] *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); *Shugart v. State*, 32 S.W.3d 355, 363 (Tex. App.—Waco 2000, pet. ref'd); *Matz v. State*, 21 S.W.3d 911, 912(Tex. App.—Fort Worth 2000).
[41] *See Motilla v. State*, 78 S.W.3d 352, 357-58 (Tex. Crim. App. 2002).
[42] *Wesbrook v. State*, 29 S.W.3d 103, 119 (Tex. Crim. App. 2000).

arguments of counsel and the extent to which the State emphasized the improper evidence.[43]

In the interest of being concise, the State would incorporate its prior harm analysis arguments, as to the total lack of harm suffered by the Appellant which is demonstrated by the sentences he received from the jury. The Appellant was sentenced three forty-five years for a first degree felony. The punishment range for a first degree felony is 5-99 years or life in the Texas Department of Criminal Justice. Any reasonable juror could have reasonably sentenced the Appellant to forty-five years based solely on three instances of Aggravated Robbery, as well as ten years for the evading charge and two years for the theft, absent any prior bad acts or extraneous offenses.

Based on a review of the evidence presented during the punishment phase, this court can have assurances that any error did not contribute to the punishment verdict beyond a reasonable doubt.

For these reasons, Appellant's third point of error should be overruled.

---

[43] *See Motilla v. State*, 78 S.W.3d at 357.

## Reply to Point of Error Four

*The State laid the proper foundation for the admission of the jail conversation recording.*

## Argument and Authorities

In his fourth point of error, the Appellant complains that the trial court erroneously allowed the admission of a discussion between Appellant and his father about a plan to escape because the State did not lay a proper foundation for its introduction. Appellant argues the evidence should have been excluded by the trial court because the State did not give timely notice of the extraneous offense evidence and the evidence was inadmissible as rebuttal to Appellant's own evidence that he was remorseful for his actions.

## A. Standard of Review

Reviewing courts use the abuse-of-discretion standard to review a trial court's rulings on objections to admissibility of evidence.[44] The trial court has wide discretion in deciding whether to admit or exclude evidence.[45] When considering whether a trial court's decision to admit or exclude evidence is error, an appellate

---

[44] *Whirlpool Corp. v. Camacho,* 298 S.W.3d 631, 638 (Tex.2009).
[45] *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990); *Wilder v. State*, 111 S.W.3d 249, 255 (Tex. App.—Texarkana 2003, pet. ref'd).

21

court must determine whether the trial court abused that discretion.[46] This inquiry depends on the facts of each case.

## B. Application of Law to Facts

Rule 901 of the Texas Rules of Evidence provides that "the requirement of authentication ... as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Here, the admissibility of the recording was dependent upon the State's ability to show that it depicted the voices of Appellant and his father. The State, therefore, "was required to furnish testimony of some witness who could verify that the recording was what the State claimed it to be."[47]

The Appellant complains that the State failed to properly authenticate the telephone recording under Texas Rule of Evidence 901. The portions of the record that the Appellant cites to support his argument took place outside the presence of the jury. (R.R. Vol. 7, p. 226). The following day, Lieutenant Keith Chestnutt testified he that he is familiar with the voice of the Appellant's father, Richard Darby, Jr. (R.R. Vol. 8, p.15). Chestnutt also testified that he can identify the voice of the Appellant. (R.R. Vol. 8, p. 16). He also testified that he had listened to the recorded conversation and could identify the two voices as the Appellant and his

---

[46] *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Robinson v. State*, 35 S.W.3d 257, 263 (Tex. App.—Texarkana 2000, pet. ref'd).
[47] *Kephart v. State,* 875 S.W.2d 319, 322 (Tex.Crim.App.1994).

father. (R.R. Vol. 8, p. 17). The State then questioned Chief Deputy Jeff Neal. (R.R. Vol. 8, p. 17). Neal testified each inmate at the Bowie County Correctional Facility is given an individual six-digit number and also a four-digit PIN number, which they use for the phone system in the jail. (R.R. Vol. 8, p. 19). Neal testified that the visitation log at the jail indicated that at nine o'clock p.m. one evening during the week of trial, the Appellant's father visited the Appellant in jail. (R.R. Vol. 8, p. 21). Neal testified he has listened to the full recording as well as the edited recording and that other than being edited to include the pertinent conversation, the recording had not been tampered with or altered in any way. (R.R. Vol. 8, p. 22). He further stated that the system in the jail is capable of making an accurate recording. (R.R. Vol. 8, p. 22). The Appellant then objected that the proper foundation had not been laid because the individual numbers assigned to the Appellant had not been admitted into evidence and proven up. (R.R. Vol. 8, p. 23-24). The trial court overruled the objection and the recording was played for the jury. (R.R. Vol. 8, p. 24).

Appellant claims that the recording was not properly authenticated because Neal did not testify that the phone call was attached to the Appellant through the system. It is important to note this was an in-person visitation and not a telephone conversation.

The State properly authenticated the recording through the testimony of both Keith Chestnutt and Jeff Neal. Therefore it was not error for the trial court to allow the admission of the recording.

For these reasons, Appellant's fourth point of error should be overruled.

### Reply to Point of Error Five

*The offense of Evading Arrest with a Motor Vehicle is a third degree felony, therefore the Appellant was properly convicted of a third degree felony on that charge.*

### Argument and Authorities

In his fifth point of error, the Appellant complains he was wrongfully convicted of a third degree felony for the offense of evading arrest with a motor vehicle. Appellant pled guilty to evading arrest with a motor vehicle and now complains on appeal that the offense is not a third degree felony, but only punishable as a state jail felony.

## A. Application of Law to Facts

Section 38.04 of the Texas Penal Code addresses the offense of evading arrest or detention. Two versions of section 38.04(b) were enacted in 2011.

The first version provides that evading arrest or detention is:

(1) A state jail felony if:

(A) The actor has been previously convicted under this section;

24

(B) The actor uses a vehicle or watercraft while the actor is in flight and the actor has not previously convicted under this secion;

(2) A felony of the third degree if:

(A) The actor uses a vehicle or watercraft while the actor is in flight and the actor has been previously convicted under this section.[48]

The second version provides that the offense is:

(1) A state jail felony if the actor has been previously convicted under this section;

(2) A felony of the third degree if:

(A) The actor uses a vehicle while the actor is in flight[49]

The Appellant's argument regarding the purported conflict in the statutory amendments has been rejected by every appellate court which has considered it, because the Code Construction Act provides that "if amendments to the same statute are enacted at the same session of the legislature, one amendment without reference to another, the amendments shall be harmonized, if possible, so that

---

[48] *See* Act of May 24, 2011, 82nd Leg., R.S., ch. 839, § 4, 2011, Tex. Sess. Law. Serv. 2110, 2111(House Bill 3423); *see also* Act of May 23, 2011, 82nd Leg., R.S., ch. 391, § 1 2011 Tex. Sess. Law Serv. 1046 (Senate Bill 496).
[49] Tex. Penal Code § 38.04(b); *see* Act of May 27, 2011, 82nd Leg., R.S., ch. 920, § 3, 2011 Tex. Sess. Law Serv. 2320, 2321 (Senate Bill 1416).

effect may be given to each"; and "[i]f the amendments are irreconcilable, the latest in date of enactment prevails.[50]

The Fort Worth Court of Appeals has concluded that the versions are reconcilable.[51] The Court explained that Senate Bill 496 and House Bill 3423 reenacted the previous punishment scheme and "made a single substantive change 9 to section 38.04, adding the terms 'watercraft' and 'federal special investigator,' respectively, to the statutory language of section 38.04."[52] Only Senate Bill 1416 altered the punishment scheme "to provide, among other things, that evading arrest is a third degree felony if the actor uses a vehicle in flight (regardless of whether the actor has been previously convicted of evading arrest)."[53] The Court explained:

> Senate Bill 1416 made more extensive amendments, altering the punishment scheme. Although none of the amendments recited section 38.04 at full length or stated that it was reenacting the statute, the amendments reenacted and published the bulk of the statute "so that [the amendments'] meaning[s] may be known without the necessity of examining the statute amended." Because each amendment makes substantive changes that the other does not, the amendments are reconcilable. That is, harmonizing all three amendments to give effect to each, Senate Bill 1416 amended the punishment scheme of section 38.04 to provide that evading arrest is a third degree felony if the actor uses a vehicle in flight.[54]

---

[50] Tex. Gov't Code § 311.025(b).
[51] *Adetomiwa v. State*, 421 S.W.3d 922, 926 (Tex. App.—Fort Worth 2014, no pet.).
[52] *Id.*
[53] *Id.*
[54] *Id.* at 926-27 (internal citations omitted).

26

The Court added that, even if the amendments were irreconcilable, Senate Bill 1416 was the latest of the three bills to be enacted and would prevail over earlier bills.[55]

Following the reasoning of the other appellate courts, this Court can find that the versions are reconcilable, and that evading arrest or detention with a motor vehicle is a third-degree felony if the actor uses a motor vehicle while in flight, regardless of whether the actor has a previous conviction for evading arrest.

Appellant cites no persuasive authority as to why this Court should not come to the same conclusion as its sister courts.

For these reasons, Appellant's fifth point of error should be overruled.

## **Reply to Point of Error Six, Seven, and Eight**

*The typographical errors related to the Appellant pleading guilty to the offense is may be corrected via a Judgment Nunc Pro Tunc or reformation of the judgment by this Court.*

### **Argument and Authorities**

In his sixth, seventh, and eighth points of error, the Appellant complains of a typographical error on his judgments. They incorrectly reflect that he was found guilty by a jury, as opposed to pleading guilty. The State concedes to this typographical error and has submitted a Judgment Nunc Pro Tunc to the trial court

---

[55] *Adetomiwa*, 421 S.W.3d. at 927.

for signature. It is also well within this Court's authority to reform the judgment of these charges to reflect the correction.

## Prayer for Relief

**WHEREFORE, PREMISES CONSIDERED,** there being legal and competent evidence sufficient to justify the conviction and punishment assessed in this case and no reversible error appearing in the record of the trial of the case, the State of Texas respectfully prays that this Honorable Court affirm the judgment and sentence of the trial court below.

**Jerry D. Rochelle**
*Criminal District Attorney*
Bowie County, Texas
601 Main Street
Texarkana, Texas 75501
Phone: (903) 735-4800
Fax: (903) 735-4819


\_\_/s/Lauren N. Sutton_____

By: Lauren N. Sutton
*Assistant District Attorney*
601 Main Street
Texarkana, Texas 75501
Phone: (903) 735-4800
Fax: (903) 735-4819

**Attorneys for the State**

## Certificate of Compliance

I, Lauren N. Sutton, certify that, pursuant to Rule 9 of the Texas Rules of Appellate Procedure, Appellee's Brief contains 7,507 words, exclusive of the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

__/s/Lauren N. Sutton_____
**Lauren N. Sutton**

## Certificate of Service

I, Lauren N. Sutton, certify that I have served a true and correct copy of the foregoing Brief for the State upon Mr. Troy Hornsby, Attorney for Appellant, on this the 31st day of August, 2015.

__/s/Lauren N. Sutton_____
**Lauren N. Sutton**